UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

TIFFANY GIBSON-HAWLEY,

                           Plaintiff,

vs.

USA MANAGEMENT LLC, JOHN WILLIAMS, TROY LEGG, JOHN DOES 1-10, JANE DOES 1-10 and ABC CORPS. 1-10,

                          Defendants.

Civ. No.: 17-4346

COMPLAINT

ECF Case

---

**NATURE OF ACTION**

1. Plaintiff, Tiffany Gibson-Hawley, is a former employee of USA Management LLC, a USA pool and risk management consulting services company headquartered in Georgia but doing business throughout the United States, including New York.

2. At all times relevant hereto, plaintiff was employed as a resident pool manager at Oceana Condominium located in Brooklyn, New York. Throughout her employment, she was denied wages, as required under the Fair Labor Standards Act and the New York Wage and Hour Law. Additionally, Defendants failed to provide plaintiff with notices required under state law.

3. Plaintiff brings this action in order to obtain her lawful wages.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29

1

U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) in that the Eastern District of New York is the judicial venue in which a substantial part of the events or omissions giving rise to the claims occurred.

## THE PARTIES

7. Tiffany Gibson-Hawley, (hereinafter "Hawley"), is a resident of the State of New York residing at 107-37 157th Street #2, Jamaica, State of New York.

8. At all times relevant and upon information and belief, John Williams, (hereinafter "Williams"), was the President of Defendant USA Management LLC.

9. At all times relevant and upon information and belief, Troy Legg, (hereinafter "Legg"), was the Director of Defendant USA Management LLC.

10. USA Management LLC is a nationwide pool and risk management consulting services company, with headquarters at 10800 Alpharetta Hwy, Suite 208-522, Roswell, GA 30076-1490 (hereinafter "USA Management"), but does business in Brooklyn, New York.

11. John and/or Jane Does 1-10 are fictitious individuals liable to Hawley for adverse employment action, but whose true names are currently unknown to Hawley.

12. ABC Corps. 1-10 are fictitious entities liable to Hawley for adverse employment action, but whose true names are currently unknown to Hawley.

STATEMENT OF FACTS

13. Plaintiff Hawley was hired as a pool manager by USA Management in or about March 2017. Hawley worked at Oceana Residential located in Brooklyn, NY.

14. Throughout the course of her employment with USA Management, Hawley performed her duties in a professional and dedicated manner.

15. Hawley was never reprimanded until she wrote a letter to Defendant Williams concerning USA Management's improper pay practices and its failure to pay Hawley her earned wages.

16. Beginning with her very first paycheck, Defendants failed to pay Hawley for time worked. In fact, Defendants failed to properly pay Hawley for time worked each and every pay period thereafter.

17. On or about May 25, 2017, Hawley was taken off the schedule but not otherwise informed, in writing, of her termination, as required by law.

18. Hawley still has no copy of her termination letter.

19. Hawley repeatedly requested her pay be corrected. Rather than address the situation, defendant Williams, instead, reprimanded Hawley in writing for bringing this matter to her attention.

Fair Labor Standard Act and Wage and Hour Violations

20. From March 11, 2017 – March 24, 2017 Hawley worked 68 hours but received pay for only 31 hours.

21. Hawley was never paid for the additional 37 hours she worked in that pay period.

22. From March 25, 2017 – April 7, 2017 Hawley worked 64.92 hours but received pay for only 29.22 hours.

23. Hawley was never paid for the additional 35.7 hours worked in that pay period.

24. From April 8, 2017 – April 21, 2017 Hawley worked 68.18 hours but received pay for only 21.18 hours.

25. Hawley was never paid for the additional 47 hours she worked in that pay period.

26. From April 22, 2017 – May 5, 2017 Hawley worked 81.1 hours but received pay for only 19.9 hours.

27. Hawley was never paid for the additional 61.2 hours she worked during that pay period.

28. Both Federal and New York State law require that employees be paid a minimum wage for hours worked. Both Federal and New York State law also require that employees receive overtime pay at the rate of 1.5x regular pay for hours worked in excess of 40 per week.

29. Plaintiff is owed 180.9 hours of back pay for her entire period of employment, 1.1 hours of which must be paid at her overtime rate of pay.

30. Moreover, Hawley used three (3) sick days, all of which were unpaid, 6.74 hours of which should have been paid. As such, those hours are also considered wages and are due and owing to Hawley.

31. USA Management, Williams and Legg failed to pay Hawley her earned sick pay.

Failed Recordkeeping

32. USA Management failed to provide Hawley with a wage notice pursuant to the NY Wage Theft Prevention Act.

33. Williams, Legg and US Management have committed the above unlawful acts willfully and intentionally.

34. Throughout her employment, Hawley submitted time sheets and Defendants failed to provide her with payment attendant with hours worked.

35. USA Management, Williams and Legg have never complied with the record-keeping requirements of federal and state labor laws with respect to Hawley's hours and rates of pay under New York Labor Law §§ 195 and 661 and supporting regulations and 29 U.S.C. § 211 and supporting regulations. In addition, USA Management, Williams and Legg never provided Hawley with required notifications, including but not limited to notice in regard to Hawley's rates of pay, and meal allowances under New York Labor Law § 195. These violations are further evidence of Defendants' willfulness.

## COUNT ONE

**(Federal Minimum Wage and Overtime Violation)**

36. Hawley realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

37. USA Management, Williams and Legg willfully and intentionally failed to compensate Hawley the applicable minimum hourly wage and to pay overtime for her hours worked over forty per week in violation of 29 U.S.C. § 201 et seq.

38. USA Management, Williams and Legg have failed to make a good faith effort to compensate Hawley appropriately under the law.

39. Due to USA Management's, Williams' and Legg's violations of the FLSA, Hawley is entitled to recover from Defendants USA Management, Williams and Legg, jointly and severally, her unpaid minimum wages and unpaid overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

## COUNT TWO

**(New York State Minimum Wage and Overtime Violation)**

40. Hawley realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

41. USA Management, Williams and Legg willfully and intentionally failed to compensate Hawley the applicable minimum hourly wage, including overtime pay, in violation of New York Labor Law § 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

42. USA Management, Williams and Legg have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Hawley.

43. Pursuant to New York Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five

percent of the total of such under-payments found to be due the employee.

44. Because of USA Management, Williams and Legg's willful violation of the New York Labor Law, Hawley is entitled to recover from Defendants USA Management, Williams and Legg, jointly and severally, her unpaid straight-time and overtime compensation, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest and post-judgment interest, all in an amount to be determined at trial.

## COUNT THREE

**(New York State Notice to Employee Violation)**

45. Hawley realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

46. Defendants USA Management, Williams and Legg intentionally failed to provide notice to employees in violation of New York Labor Law § 195.

47. Defendants USA Management, Williams and Legg have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Hawley.

48. Due to Defendants USA Management's, Williams' and Legg's violations of New York Labor Law regarding wage notices, Hawley is entitled to recover from Defendants, jointly and severally, $100 per week for each week of the violation together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198.

49. Due to Defendants USA Management's, Williams' and Legg's violations of New York Labor Law regarding wage statement, Hawley is entitled to recover from Defendants, jointly and severally, $250 a week for each week of the violation together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198.

50. Due to Defendants USA Management's, Williams' and Legg's violations of New York Labor Law regarding a termination notice, Hawley is entitled to recover from Defendants, jointly and severally, $1000 together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198.

51. Due to Defendants USA Management's, Williams' and Legg's violations of New York Labor Law regarding sick leave notices, Hawley is entitled to recover from Defendants, jointly and severally, $50 together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to grant her the relief requested as follows:

(1) Declaring Defendants' conduct complained of herein to be in violation of Hawley's rights under the FLSA, and New York Labor Law, and attendant regulations;

(2) Awarding Hawley minimum wages and overtime wages, as applicable, for her work, pursuant to the FLSA and New York Labor Law;

(3) Awarding Hawley compensation for Defendants' failure to comply with the wage notice requirement of the New York Labor Law;

(4) Awarding Hawley compensation for Defendants' failure to comply with the wage statement requirement of the New York Labor Law;

(5) Awarding Hawley compensation for Defendants' failure to comply with her termination and sick pay notice rights as required by the New York Labor Law;

(6) Awarding Hawley liquidated damages.

(7) Awarding Hawley pre-judgment and post-judgment interest;

(8) Awarding Hawley reasonable attorneys' fees, costs, and expenses; and

(9) Ordering such other and further relief that the Court deems just and proper.

DATED: July 21, 2017
New York, New York

Respectfully submitted,
__s/ Rania V. Sedhom
Rania V. Sedhom
Sedhom Law Group, PLLC
750 Third Avenue, 9th Floor
New York, NY 10017
212-549-1819
*Attorneys for Plaintiff Tiffany Gibson-Hawley*

**DEMAND FOR JURY TRIAL**

Plaintiff Hawley hereby demands a trial by jury on all issues as permitted by law.

Respectfully submitted,
__s/ Rania V. Sedhom
Rania V. Sedhom
Ginger Mimier
Sedhom Law Group, PLLC
750 Third Avenue, 9th Floor
New York, NY 10017
212-549-1819
*Attorneys for Plaintiff Tiffany Gibson-Hawley*
